In re Bjornback, Kjong Bornback, counsel for appellants David and Kjong Bornback, Bruce Rorty, counsel for appellee Lanny J. Dugar. Just for clarity it might have been In re Dugar. Oh sorry, In re Dugar, I'm sorry, my apologies. Good morning, yep, only if you're going to try to argue, go ahead and go ahead and make your appearance. Yeah, give me one second, Your Honor, let me turn on the, okay, all right, Your Honor, may I have reserve like four minutes?  So then I'll have 11 minutes, right, at the beginning. Okay, go ahead and go ahead and make your appearance. Yeah, Your Honor, first of all, tell us your name so we know who's here. Okay, Your Honor, my name is Kjong Bjornback, I'm the attorney and represent myself and my husband David Bjornback, appellant. Okay, and first of all, the opposition paper should be dismissed because it was never properly served or timely served. Specifically, it was filed at the end of January 2025, which was outside the prescribed time frame. Number two, are you talking about the appellee's papers on appeal or something else? The opposition paper to this case.  Yeah. All right. In the bankruptcy court or here? No, not in the bankruptcy court, for this court, Your Honor, it's a BAP, yeah, in this case, independent case. Well, how are you prejudiced by that? Well, I mean, I didn't really, didn't have enough time to research on this court. You might have brought that up before now. You might have brought that up before now. Yeah, yeah. So, but anyway. Why don't you get on to the meat of what you want us to do, okay? Okay. All right. So, I just want the court to ignore the paper or reject the paper, and also, it was frivolous. So in the end, I reviewed it before, I mean, I got on the BAP website, actually, and I logged in the PACER and pulled out his documents last minute, but I kind of cursory reviewed it. So number two is I request the court to sanction against you guys' conduct. He posted intentionally, multiple times, the racially charged word comments. Literally, it's so ugly. I mean, I did- I'm sorry. Give me that one again so I have it exactly right. What did he do? What did he do? Just to be one example. No, I mean, I didn't hear the word you said that you found offensive, I apologize. He post racially charged comments on the internet intentionally. Is that in front of us now? Yes, with a case- Whoa, whoa, whoa, no, hang on. I mean, what you're appealing is the entry of the discharge, correct? Right, but- So how is his other conduct in front of us now? Because he tried to prevent me from exercising the constitutional rights. Okay. And that's why I want to- Well, then maybe you can sue him someplace, okay? But what you're appealing is the entry of the discharge for the debtor. Right, that's true. Yeah, I'm getting that point. Okay, so the question- You know, you're not getting- That's the only point, okay? You're not getting there. That's it, okay? Yeah, yeah. And we're going to have some serious questions for you about how you're appealing the entry of a discharge, which is a ministerial act once it's determined that the time has run and that no one has successfully challenged the debtor's right to a discharge, which is exactly where we are here, right? And you brought a non-dischargeability complaint, didn't you? Right. And you lost it, didn't you? Right, but it was on appeal to NYSA. Okay, but in the meantime, has anybody changed that outcome? No. Well, it's still pending with NYSA. But has anybody changed that outcome? No. Not yet. But did you get a stay? I mean, why does that stop the entry of the discharge? No, I have not stopped the entry of discharge. Well, I challenged the discharge was improperly entered. And that's now- Because the order says, and it's going to discharge many debtors, not just Dugar. And it says, you know, all the debtors. No, there's only one debtor. Ma'am, there's only one debtor. Okay, one debtor. Okay, that will be fine if it is just one debtor. But the standard review is de novo because she did- What was wrong with it? Well, there were constitutional issues. She didn't follow the law. And the law states very clearly, says that the debtor need to provide the physical address and the tax return. He didn't provide it. The debtor didn't provide it. And the case gets dismissed. And also, according to the 11 U.S.C. 72781, a discharge is only available only to individual debtors, not to the trade names. But then in her order, it's very obvious that the judge dismissed the case for the trade names as well. So that's pretty obvious on her order. And also, the judge didn't- Okay, the judge showed her bias by failing to investigate the intentional fraud upon the court. Disregard the evidence from the government agencies such as the- But that's what you litigated. Huh? That's what you litigated previously, correct? Well, yeah. The intentional fraud? But then, well, her discharge of the debts is based on the same theory. And literally, I mean, why I appeal the case, I mean, the related case, because he has assets. He admitted he has assets in the court. He admitted his assets in separate statements. There was such a blunder mistake made by the judge. Well, if you're suggesting that the judge had some independent duty to do some investigation based on something that you told her that she already decided against you, I'm not understanding what that theory could be. No, it- Ma'am, what are you saying? What's the mistake? Well, first of all, it was the law issues, right? I listed that the law requires the judges to look at his physical address and then get the tax return. Second, she cannot discharge any entity under trade names. Number three, and it was her finding of credibility is clearly erroneous, because it was very clear. I put in the brief that the appellee claimed he is homeless, and you look at him, he's not homeless. He claimed he doesn't have a home. He lives in a car. He lives in the assisted living, which really contradicts what he really has. And I searched out that he has a physical address linked to 10 properties in California, in Washington State. He admitted there were two properties under the name of Lenny J. Dugal. But, ma'am- He admitted he transferred assets to relatives. Ma'am, these are all claims that you made when you prosecuted your 727 action previously. Lost. We affirmed it's on appeal to the Ninth Circuit. What Judge Laffrey previously said to you was the entry of a discharge is typically a ministerial act. It doesn't require the court to do really very much other than determine that the time for objections to discharge or exceptions to discharge has expired. They've been resolved. There's nothing more administratively to do in the case. They enter a discharge. You're telling us things that you raised before, that are still on appeal to be determined by the Ninth Circuit, that we've resolved. How does that make her actions illegal? If she's resolved those claims, they're on appeal, the Ninth Circuit's going to look at them, we've resolved those claims. Isn't she supposed to just do what she's supposed to do under the law and enter the discharge? Well, there's one issue I'm pretty concerned about. Well, her order is not very clear. I mean, fortunately, I mean, three of the great judges here, they understand that she only discharged one person, Lenny J. Dugal. But look at the paper. It's not very clear. Ma'am, it's a formal order. That's why today. Ma'am, it's a form order. It's a ministerial act. It is a form order. If you want to write to the court and say, I'd like to improve your forms, go ahead and do so, okay? That's your right. No, it isn't. She say it was including no, no. I understand it's a form order, but there was some words she added on that as well. She is saying that the discharge applies to Dugal and any entities, any other entities on the other trade names as well. So the question becomes under California law, does an individual who does business under other names but who is legally liable, as Mr. Dugal might be, I don't know what California law is on this issue. She included their names because technically there were allegations that were being made in the case as to other entities that he was doing business under. She's saying all of them, all of them, because it's really him. It's only him legally. It was not very clear what the judge said. In California, yes. We do recognize if you run a business under different kind of various names, but you still consider your individual business. Because you're not incorporated. You're not an LLC. It's just you. Right, right. But Dugal has LLCs. Dugal has inks. But those weren't listed on the discharge order, were they? It was just the entities he was doing business as. She doesn't say that. She just say the entities in the various trade names, and there was, I mean, I just don't have that. Well, did she include another legal entity? Did she include any LLCs or corps? I don't have. I'm sorry. I just don't have this order in front of me. Let me see whether I have it or not. I just don't have the order in front of me.  I remember. Well, if you have another point, you can make another point. Go ahead. Yeah, I just, yeah, I will come back and correct it if I pull out. But that's my response. By the way, you're getting close to your four minutes, too. If this is a good time for you to break, you go ahead and break, okay? Yeah, I'll break, yeah. Thank you so much. You bet. It's easier if you sit up here if you're going to come back.  Okay. Good morning, Your Honor. Bruce Rorty. You can move the microphone if it would help. The microphone's on. You can move the microphone if it would help. There you go. Good morning, Your Honors. Bruce V. Rorty for the Apolli and debtor Lanny J. Dugar. And what I would, I don't need the full 15 minutes here. What I would comment here is that, as we know from the previous case, well, there were 140 subpoenas that were issued. But there was never any follow-up with depositions to ascertain any admissible evidence. Now we have a... Can I see if I'm understanding? Are you saying apart from the adversary proceeding that's currently... No, no. Within the adversary proceeding. I thought you were about to tell me there were 150 2004 exam requests, no? No, no. Okay, all right. No, fortunately not.  But that's all within the world of the AP that's up at the Ninth Circuit now. Is that right? Yes. Okay, I got it. And so we have here, so that part of the case is up in front of the Ninth Circuit. And then we have here a no-asset individual who lost his business due to heart attacks. And there's never been anything proved that he's hiding assets. And so the Judge Coffman was within her discretion to grant the discharge and that's where we are. The only thing that's, I think, been identified so far that is arguably outside of the complaint that was not, you know, is this notion that somehow other entities were discharged. And if those are simply DBAs, I mean, they're just another name for the same person. So it's really neither here nor there. If they're other entities, well, that would be a different matter. Do you have anything to offer on that? There are no other entities that were a part of it. Mr. Dugard used to have pre-heart attacks. He used to have these DBAs. Well, but DBAs are just him putting another name on something, okay? That's Judge Gant's point. Yes. But if there's an LLC or an LP or a corp that somehow got discharged here, that would be a, I don't know that that happened. Do you have any information on that? Yeah, there are, it's Lanny J. Dugard, an individual. He's the only, he was the only party that filed. He never, all of the previous businesses were, basically they're long gone. So they're way back in the rear view mirror. So they were not included. And I have never seen any of the orders in this case that dealt with some of those other entities. Okay. That she's raising. And let's see. I think that that's really, that's really everything that I have. If you have any questions for me. Well, so you're basically saying, I take it you're agreeing with us that the entry of a discharge under the circumstances was a fairly ministerial act given the disposition of the AP. I mean, look, at the end of the day, the Ninth Circuit, if they reverse and there's a viable claim against Mr. Dugard, that the discharge will be neither here nor there. Right? Exactly. You can almost argue it's, even if she did enter the discharge, it's harmless error because if the Ninth Circuit changes the outcome, well, we'll just go back to the bankruptcy court, right? Yes, that's correct, Your Honor. Okay. All right. I don't think I have anything else. Thank you. Okay. Thank you very much. Thank you, Your Honors.  Yeah. Apologize, didn't get the judge's order. But now the judge says Lenny J. Dugard, including all the names used by each debtor, including trade names within the eight years prior to the filing of the petition. Okay. So that word is not very clear. And Lenny J. Dugard. What docket number are you looking at? I'm looking at the order I'm appealing. Which is the order of discharge? Yeah, yeah, yeah, yeah. All right. I'm reading literally word by word.  So Lenny J. Dugard. Is it included in the record at a docket entry so that we would know what you're referring to? Yeah, yeah. It is in the docket entry. It is on the notice of P.O. as well. It says Lenny J. Dugard, include all names used by each debtor, including trade names within the eight years. That's the very reason I appealed it. Ma'am, I think we can take judicial notice of this, and it's ECF 20 in the main case. And the typed in language is Lenny J. Dugard only, which comports with the actual filing of the bankruptcy. There's a bracket, includes all names, which is part of the form, I believe, because that is nothing other than the individual. I saw it. I mean, I apologize, Your Honor. I saw it was not the form. I saw that she typed it and that it was her. Even if it is, as Judge Gaines has pointed out, the trade names are just the individual operating under a name. The debtor, as established by the petition, is Lenny J. Dugard, which is what is typed into the order of discharge. So I don't understand what you are, to the point you are making, I don't understand that the record before us even supports that. That's the problem that I'm having. Okay. But, okay. So I do, well, when I'm reading this, you know, I do believe that it mentions the trade names of each corporation because- That's the problem, is that if it's a trade name, it's not a corporation. Well, Lenny J. Dugard does have four corporations registered under his name. And finest home remodeling, and that becomes image home design. He is a director. He wrote the checks for image home designer to his own son-in-law. Totally different point. Okay. All right. I got it. So, but anyway, so that's what I thought, that, you know, it was, the order is concerning about his corporation. That's why I'm concerned. The second one is that I believe, you know, she should have set aside the, she should have granted the, she should have stayed, what did I say? She should have stayed the discharge while the case is pending with Ninth Circuit.  Well- Because it's not, as Judge Lafferty just explained, if Ninth Circuit reverses, it reverses everything. Okay. All right. So it's not that this is going to be, despite of the Ninth Circuit, in the case they reverse. Okay. But they haven't reversed. You haven't stayed at the Ninth Circuit, so why can't she enter it? Well, there was another issue about the due guard's conduct and, well, there was previous court orders from the BK judges and prohibited him from making racial statements. He did it anyway. He did it in person and to me. Then pursue your cause of action if you have one.  That's not a- Ma'am, that is not a discharge issue.  It's not a discharge issue.  It was a follow-up motion to sanction due guard. It was a motion that was never decided upon, you know, by this court. But I raise this issue because you can have somebody take advantage of that and discourage people from engaging in the litigation by harassing somebody. And that's exactly the case. He harassed me for more than 10 years. That's for another court to decide.  That's why I just let the court know what's going on.  Anybody have any further questions? No, I do not. There is nothing to this. Okay. So thank you for your appearance. Thank you. I just left again. Thank you. Thank you for it. All right. Thank you. Thank you.
judges: Lafferty, Spraker, and Gan